UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA												PLAINTIFF

v.													CIVIL ACTION NO. 3:14-CR-00067-CRS

LONG PHI PHAM													DEFENDANT

### MEMORANDUM OPINION

Defendant Long Phi Pham objects to the magistrate judge's findings of fact, conclusions of law, and recommendation (the magistrate's "report and recommendation"). The magistrate recommended this Court deny Defendant's motion to suppress.

Defendant specifically objects to the magistrate's findings that:

1. The good faith exception to the exclusionary rule applies when officers executed a judicially-approved warrant and reasonably relied on the state court judge's probable cause determination; and

2. The Defendant's statements should not be suppressed because the search of the residence was lawful in part and in part covered by the good faith exception to the exclusionary rule.

Def.'s Obj. 1, ECF No. 60. The Court will overrule Defendant's objection and adopt the magistrate's report and recommendation in its entirety.

### BACKGROUND

1

In May 2014, a detective with the Jefferson County Sheriff's Office executed a search warrant on a United Parcel Service parcel. The parcel contained approximately four and a half pounds of marijuana. After a state judge issued a search warrant for the residence at the address on the parcel, officers implemented a controlled delivery and subsequently executed the search warrant on the residence. Among other items, the officers seized firearms from the residence.

## DISCUSSION

1. Good Faith Exception

The magistrate judge found that the search warrant was overbroad. However, based on the unsettled nature of the permissible scope of a search warrant when the only available evidence is that illegal drugs are addressed to the premises, the magistrate found that the good faith exception applies, and the Court should not suppress the firearms. Defendant objects to the magistrate's finding that the good faith exception applies. Assuming the search warrant was overbroad, the Court agrees with the magistrate that the good faith exception applies.

The exclusionary rule should not apply – and therefore the evidence should not be suppressed – "when an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope." *United States v. Leon*, 468 U.S. 897, 920 (1984). "[M]arginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant cannot justify the substantial costs of exclusion." *Id.* at 922. Here, the Court must determine "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 923. If the officer's conduct is "objectively reasonable," the exclusionary rule will not apply. *Id.* at 919. "[S]earches pursuant to a warrant will rarely require any deep

inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has "acted in good faith in conducting the search." *Id.* at 922 (internal citations and quotations omitted).

There are at least four instances where this exception does not apply: (1) where "the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth;" (2) "where the issuing magistrate wholly abandoned his judicial role;" (3) where an officer relied on a warrant "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" and (4) where a warrant is so facially deficient "that the executing officers cannot reasonably presume it to be valid." *Id.* at 923 (internal citations and quotations omitted).

Here, the magistrate found – and Defendant does not object – that the first three factors are inapplicable. The magistrate did find that the search warrant, to the extent it concerned firearms, lacked probable cause. However, the magistrate found that the executing officers acted in objectively reasonable reliance on the search warrant. R&R 39, ECF No. 59. This Court agrees.

"[T]he purpose of the exclusionary rule is to deter police officers from violating the Fourth Amendment." *Illinois v. Krull*, 480 U.S. 340, 348-49 (1987) (quoting, in part, *United States v. Peltier*, 422 U.S. 531, 542 (1975). Therefore, "evidence should be suppressed 'only if it can be said that the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment. *Id.* While it is clear that the exclusionary rule would apply to "[e]vidence obtained during a search conducted in

reasonable reliance on binding precedent is not subject to the exclusionary rule," *Davis v. United States*, 564 U.S. 229, 242 (2011); it is less clear whether "exclusion would appreciably deter Fourth Amendment violations when the governing law is unsettled." *Id.* at 250 (Sotomayor, J., concurring).

"The law is unclear on the permissible scope of a search when no connection between the premises and drug dealing other than that drugs have been addressed to the premises has been revealed by an investigation." *United States v. Rey*, 923 F.2d 1217, 1224 (6th Cir. 1991) (Keith, J., concurring). The Sixth Circuit Court of Appeals has said that "other circuits have rejected the claim that a warrant authorizing a search for drug paraphernalia as well as contraband is overbroad, even though based only on the knowledge of a controlled delivery." *Id.* at 1220; *see also United States v. Lawson*, 999 F.2d 985, 988 (6th Cir. 1993). While authorizing a search for firearms based only on the knowledge of a controlled delivery may be overbroad, it cannot be said that "the law enforcement officer had knowledge, or may properly be charged with knowledge, that the search was unconstitutional under the Fourth Amendment." *Krull*, 480 U.S. at 348 – 49.

The sole purpose of the exclusionary rule is to deter future police conduct. *See Davis*, 564 U.S. at 256. Applying the exclusionary rule in this instance would not further that purpose. *Cf. Rey*, 923 F.2d at 1225 (Keith, J., concurring) ("The agents were reasonable to rely on the warrant since the conclusion in this opinion that the warrant was not supported by probable cause was based on an issue not resolved by the circuits."). Whether the warrant was overbroad in violation of the Fourth Amendment is an explicitly unsettled settled question in this circuit, although other circuits have found a search warrant including more than drug paraphernalia in similar instances valid. *See Rey*, 923 F.2d at 1220. The state judge here knew a controlled delivery with a quantity

4

of marijuana was being delivered to an address. He issued a search warrant for "[a]ny firearms or weapons that may be used to protect narcotics or U.S. Currency." Search Warrant, ECF No. 33-8. The officers reasonably relied on the state judge's authorization based on the evidence of the controlled delivery given the unsettled state of the law.

The Court will adopt the magistrate's ruling and deny Defendant's motion to suppress the seized firearms.

2. Defendant's Statements

Defendant objects to the magistrate's failure to suppress Defendant's statements. This is not an objection based on *Miranda v. Arizona*, 384 U.S. 436 (1966), but based on Defendant's contention that the search of the residence was unlawful. The magistrate found that the search of the residence was lawful in part and in part covered by the good faith exception. R&R 43 – 44. In his objection to the magistrate's recommendation, Defendant merely directs this Court's attention to case law without further argument as to why the underlying search was unlawful or, if the search was unlawful, why this Court should subsequently suppress Defendant's statements. *See* Obj. R&R 5 – 6. This is insufficient to meet his burden of establishing a constitutional violation.

The Court will adopt the magistrate's ruling and deny Defendant's motion to suppress his statements.

## CONCLUSION

The Court will deny Defendant's objection to the magistrate judge's report and recommendation.

The Court will adopt the magistrate judge's report and recommendation, and deny Defendant's motion to suppress.

The Court will enter a separate order in accordance with this opinion.

**SO ORDERED.**

June 15, 2016

**Charles R. Simpson III, Senior Judge
United States District Court**

6